A CERTIFIED TRUE COPY
ATTEST
By Jakeia Mells on Jun 10, 2009
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 10, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JUN 25 2009
CLERK OF COURT

**IN RE: HEARTLAND PAYMENT SYSTEMS, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

MDL No. 2046

A CERTIFIED TRUE COPY
ATTEST
By L. Tien on June 25, 2009
US. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

**TRANSFER ORDER**

**Before the entire Panel**: Defendant Heartland Payments Systems, Inc. (Heartland) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Texas. Plaintiffs in four actions support the motion. Plaintiffs in two actions support centralization in the District of New Jersey, and some responding plaintiffs variously support centralization in the aforementioned districts, the District of Kansas, or the Southern District of Florida, in the alternative.

This litigation currently consists of nineteen actions[1] listed on Schedule A and pending in twelve districts as follows: seven actions in the District of New Jersey; two actions in the Southern District of Texas; and one action each in the Middle District of Alabama, the District of Arizona, the Eastern District of California, the Southern District of California, the Northern District of Florida, the Southern District of Florida, the District of Kansas, the Western District of Missouri, the Northern District of Ohio, and the Eastern District of Wisconsin.[2]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual allegations concerning an electronic intrusion into Heartland's processing system. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

---

[1] The motion originally included twenty actions, but one action pending in the District of New Jersey has been dismissed.

[2] The Panel has been notified that twelve additional related actions have been filed as follows: five actions in the Southern District of Texas; four actions in the District of New Jersey; and one action each in the Eastern District of Arkansas, the Southern District of Florida, and the Southern District of Illinois. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

We are persuaded that the Southern District of Texas is an appropriate transferee forum for this litigation. Defendant and various plaintiffs maintain that discovery related to the data breach will be found in the Southern District of Texas, and Judge Lee H. Rosenthal has the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Texas are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Lee H. Rosenthal for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: HEARTLAND PAYMENT SYSTEMS, INC.,
CUSTOMER DATA SECURITY BREACH
LITIGATION                                                                                          MDL No. 2046

## SCHEDULE A

### Middle District of Alabama

Steve Brown, et al. v. Heartland Payment Systems, Inc., C.A. No. 2:09-86

### District of Arizona

Scott Swenka v. Heartland Payment Systems, Inc., C.A. No. 2:09-179

### Eastern District of California

Mark Hilliard v. Heartland Payment Systems, Inc., C.A. No. 1:09-219

### Southern District of California

Juan M. Mata v. Heartland Payment Systems, Inc., C.A. No. 3:09-376

### Northern District of Florida

Robert M. Read v. Heartland Payment Systems, Inc., C.A. No. 3:09-35

### Southern District of Florida

Ana Balloveras v. Heartland Payment Systems, Inc., C.A. No. 1:09-20326

### District of Kansas

Jason Barrett, et al. v. Heartland Payment Systems, Inc., C.A. No. 2:09-2053

### Western District of Missouri

Darryl McLaughlin v. Heartland Payment Systems, Inc., C.A. No. 6:09-3069

### District of New Jersey

Loretta A. Sansom, et al. v. Heartland Payment Systems, Inc., C.A. No. 3:09-335
Moises Merino v. Heartland Payment Systems, Inc., C.A. No. 3:09-439
Talal Kaissi v. Heartland Payment Systems, Inc., C.A. No. 3:09-540

-2-

**MDL 2046 Appendix A (Continued)**

<u>District of New Jersey (Continued)</u>

Lone Summit Bank v. Heartland Payment Systems, Inc., C.A. No. 3:09-581
Tricentury Bank, et al. v. Heartland Payment Systems, Inc., C.A. No. 3:09-697
Amalgamated Bank, et al. v. Heartland Payment Systems, Inc., C.A. No. 3:09-776
Jason J. Rose v. Heartland Payment Systems, Inc., C.A. No. 3:09-917

<u>Northern District of Ohio</u>

Colleen McGinty, et al. v. Heartland Payment Systems, Inc., C.A. No. 1:09-244

<u>Southern District of Texas</u>

Robert D. Watson v. Heartland Payment Systems, Inc., C.A. No. 4:09-325
Lone Star National Bank, N.A. v. Heartland Payment Systems, Inc., C.A. No. 7:09-64

<u>Eastern District of Wisconsin</u>

Arthur Anderson, et al. v. Heartland Payment Systems, Inc., C.A. No. 2:09-113